UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD MICKENS, JR.,

    Petitioner,

        v.                          CAUSE NO. 3:24-CV-539-JD-SLC

WARDEN,

    Respondent.

OPINION AND ORDER

Gerald Mickens, Jr., a prisoner without a lawyer, filed an amended habeas petition challenging the disciplinary decision (ISP-24-1-117) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Mickens argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilty. Specifically, Mickens contends that the video recording summary stating that he was in the victim's cell on the day before the victim reported that he had been assaulted does not adequately demonstrate his guilt because it did not mention that he touched the victim.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

>guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines battery as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 7-9 at 3. The administrative record includes a conduct report in which an investigator represented that he had identified Mickens on surveillance video recordings as one of the individuals who forced the victim into his cell and assaulted him on December 23, 2023, resulting in severe head trauma and bruising on the face and ribs. ECF 7-1. It includes a video recording summary indicating that Mickens entered and exited the victim's cell on December 23, 2023. It also includes the video recordings themselves, which the court has reviewed and found to be consistent with the conduct report and video review summary.

The administrative record also contains an investigative report, which contains additional information tending to incriminate Mickens with respect to the charge of battery and also contains photographs of the victim's injuries.[1] ECF 9, ECF 10. Mickens represents that he did not know that the investigative report or the photographs were

---

[1] Mickens suggests without explanation that the investigative report is material exculpatory evidence, but, based on the court's review, the investigative report is more appropriately characterized as inculpatory evidence.

2

part of the administrative record, which violated his right to a written explanation of the disciplinary decision. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) ("We also hold that there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action."). It seems likely that Mickens would have had some awareness of the investigative report given the investigator's efforts to interview Mickens regarding the battery incident and issuance of the conduct report. However, even assuming that Mickens did not know about the investigative report, it amounts to harmless error as Mickens does not suggest that the outcome of the disciplinary hearing would have changed if he had been aware of the report.

Further, even excluding the investigative report and the photographs, the administrative record would still consist of the conduct report and the video evidence and would thus contain some evidence that Mickens committed battery. To Mickens' point, the remaining evidence is circumstantial, but it is not unreasonable to infer that an individual who had forced a battery victim into a cell within the timeframe in which the battery incident occurred was the assailant, particularly in the absence of any evidence suggesting another plausible explanation. Therefore, the insufficiency of the evidence claim is not a basis for habeas relief.

Because Mickens has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mickens wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not

proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 3);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Gerald Mickens, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on December 3, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4